UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X

ARCIDES FIGUEROA,

                    Petitioner,

            - against -                    **MEMORANDUM AND ORDER**

STATE OF NEW YORK,                         07 Civ. 9864 (NRB)

                    Respondent.

---------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


          Arcides Figueroa, presently incarcerated at Attica
Correctional Facility in Attica, New York, brings this pro se
petition for writ of habeas corpus under 28 U.S.C. § 2254.
Figueroa challenges his March 29, 2004 conviction after a jury
trial in the Supreme Court, New York County of two counts of
Robbery in the Second Degree (N.Y. Penal Law §§ 160.10(1),
(2)(a)). Petitioner was adjudicated a second felony offender
and sentenced to concurrent, determinate prison terms of 15
years on each count. Petitioner's conviction was affirmed by
the Appellate Division, First Department, People v. Figueroa, 35
A.D.3d 204, 826 N.Y.S.2d 35 (1st Dept. 2006), and the Court of
Appeals denied him leave to appeal.  People v. Figueroa, 8
N.Y.3d 880, 832 N.Y.S.2d 492 (Table) (2007).  Petitioner filed
his timely petition with this Court on October 23, 2007.

Petitioner asserts five grounds for relief: (1) his conviction was against the weight of the evidence; (2) his privilege against self-incrimination was violated prior to trial; (3) he was denied due process when the trial court allowed the state to impeach its own witness; (4) his sentence is unduly harsh; and (5) he received ineffective assistance of counsel.

For the reasons below, we deny Figueroa's petition in its entirety.

## BACKGROUND[1]

On April 14, 2003, petitioner and two unapprehended accomplices accosted and robbed Libio Carcasses in the basement hallway of an apartment building in Upper Manhattan. (Opp'n Mem. 6-8.) Petitioner was an admitted drug dealer and Carcasses was a local "numbers" runner. Each individual was previously known to the other as both plied their trades in the same neighborhood. Id. at 3; 6.

As Carcasses drew near the apartment building, he was grabbed by the two accomplices and forcibly dragged toward a

---

[1] The following information is taken from the Petition for Writ of Habeas Corpus ("Pet."), documents included as exhibits to respondent's Declaration in Opposition ("Opp'n Decl."), Respondent's Memorandum of Law in Opposition ("Opp'n Mem."), and petitioner's reply brief ("Pet'r Resp."). We construe the facts in favor of the prosecution, as is appropriate following a conviction. See, e.g., Sosa v. Mohawk Corr. Fac., No. 07 Civ. 5916 (NRB), 2008 WL 534764, at *1 (S.D.N.Y. Feb. 25, 2008).

basement door.    Petitioner opened the door from within and helped carry Carcasses inside.  Petitioner then demanded a "fee" from Carcasses because petitioner "was in the middle of a 'struggle for control of the block' and needed the money . . . to support his drug dealing operation."   (Opp'n Mem. 7; Opp'n Decl. Ex. B, 17-18.)   When Carcasses refused, petitioner and the two accomplices threw him to the ground, forcibly searched his person and repeatedly kicked him before taking $700, car keys and a cellular telephone.  (Opp'n Mem. 8.)

During the altercation, Antonio Leonardo, a resident in the building's basement apartment, overheard the struggle.   Peering into the hallway, Leonardo observed the three men, one of who instructed him to go back inside.   Leonardo complied but continued watching through his front-door peephole as petitioner and the accomplices fled.   Id.  Carcasses reported the incident two weeks later, on April 26, 2003, and petitioner was apprehended shortly thereafter.  Id. at 10-12.

On May 8, 2003, a New York County grand jury returned Indictment No. 2359/03 charging petitioner with one count of Robbery in the First Degree, two counts of Robbery in the Second Degree, and one count of Grand Larceny in the Second Degree. (Opp'n Decl. Ex. B, 3.)   Petitioner sought to suppress a post-conviction confession on due process grounds but his motion was

3

denied following the court's finding that the statements had been made voluntarily. (Opp'n Mem. 5-6.)

A jury trial commenced March 2, 2004.  When prosecutors called Leonardo as a witness to establish the presence of petitioner and the two accomplices during the robbery, Leonardo initially recalled seeing petitioner and no others.  The prosecution sought to "refresh his recollection" by reading back a portion of his grand jury testimony, after which Leonardo recalled he had in fact seen three individuals and explained that he had been confused by the prior questioning.  Opp'n Decl. Ex. A, 6-8.

Petitioner testified that he did not commit the robbery and instead claimed that Carcasses had "found the perfect way to get me off the block by accusing me of a crime." Id. at 19. Petitioner also presented an alibi defense that he had been at a friend's Brooklyn apartment during the robbery. Id. at 19-21.

On March 10, 2004, the jury returned a partial verdict, finding petitioner guilty on both counts of second-degree robbery.  After further deliberation, the jury deadlocked on the first-degree robbery count, which was then dismissed by the court with the people's consent.[2]  (Opp'n Mem. 17-18.)  On March 29, 2004, petitioner was adjudicated a second felony offender

---

[2] The second-degree grand larceny count was not submitted to the jury.

and sentenced to concurrent, determinate prison terms of 15 years on each count.  Id. at 18.

On direct appeal to the Appellate Division, First Department, petitioner asserted that his conviction was against the weight of the evidence, that the judgment should be reversed for violating petitioner's due process rights, and that his sentence was excessive.  (Opp'n Decl. Ex. A, i-ii; 46.)  The Appellate Division unanimously affirmed the conviction and refused to modify the sentence.  People v. Figueroa, 35 A.D.3d 204, 826 N.Y.S.2d 35 (1st Dept. 2006).  Petitioner sought leave to appeal to the Court of Appeals and was denied in all respects.  People v. Figueroa, 8 N.Y.3d 880, 832 N.Y.S.2d 492 (Table) (2007).

## DISCUSSION

### I.  Legal Standards

We construe a pro se habeas claim liberally.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).  Nonetheless, a petitioner retains the burden of sustaining his allegations by a preponderance of the evidence, Whitaker v. Meachum, 123 F.3d 714, 716 (2d Cir. 1997), and vague or conclusory claims may be summarily rejected.  See, e.g., Dory v. Comm'r of Corr., 865 F.2d 44, 45 (2d Cir. 1989).

Before bringing a federal habeas claim, a state prisoner must first exhaust all state remedies by presenting his federal claims to the highest state court available.   28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270, 275 (1971); Ramirez v. Att'y Gen. of N.Y., 280 F.3d 87, 94 (2d Cir. 2001).   When presented, these claims must have been framed to allow state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."   O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).[3]   Federal habeas review is prohibited where a state court rests its disposition of a claim on an independent and adequate state ground.   See, e.g., Coleman v. Thompson, 501 U.S. 722, 729 (1991); Cotto v. Herbert, 331 F.3d 217, 238 (2d Cir. 2003).

Where a claim has been adjudicated on the merits in state court, habeas relief may be granted only if the state decision

---

[3] These requirements may be waived only upon showing (1) cause and prejudice for failure to comply or (2) a "fundamental miscarriage of justice."  Coleman, 501 U.S. at 748.

To show cause, the petitioner must demonstrate "some objective factor external to the defense impeded counsel's efforts to raise the claim in state court."  McCleskey v. Zant, 499 U.S. 467, 493-94 (1991) (internal quotation omitted).  To show prejudice, petitioner must establish "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  United States v. Frady, 456 U.S. 152, 170 (1982).

To show fundamental miscarriage of justice, petitioner must demonstrate that a constitutional violation "has probably resulted in the conviction of one who is actually innocent."  Dixon v. Miller, 293 F.3d 74, 81 (2d Cir. 2002).  Actual innocence "means factual innocence, not mere legal insufficiency."  Petitioner must show that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Id.

(1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). A state court decision is contrary to clearly established Supreme Court precedent when it "confronts a set of facts that are materially indistinguishable" from a Supreme Court decision and arrives at a different result. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court decision is "based on an unreasonable determination of the facts" if the court has identified the correct legal rule but unreasonably applies it to the particular facts of the case. Id. at 407. A federal court may grant relief only where the state court decision was objectively unreasonable in light of relevant precedent; a reasonable decision, even if the federal court would deem it erroneous, is not grounds for habeas relief. See id. at 411.

## II.  Petitioner's Claims

We consider each of petitioner's five claims seriatim.

### A.  Weight of the Evidence

Petitioner claims his conviction was against the weight of the evidence because of Leonardo's equivocal testimony and the dismissal of a related first-degree robbery count. (Pet. 3-6.)

7

This claim is not cognizable on federal habeas review because "assessments of the weight of the evidence or the credibility of witnesses are for the jury and not grounds for reversal on appeal." Maldonato v. Scully, 86 F.3d 32, 35 (2d Cir. 1996); see Norris v. Fischer, No. 06 Civ. 2190 (JG), 2007 WL 1452127, at *6 (E.D.N.Y. May 15, 2007) ("Though New York law grants state appellate courts the right to evaluate the weight of the evidence, see N.Y. Crim. Proc. Law § 470.15, and to order new trials on that ground, federal courts on habeas review may properly assess only the sufficiency of the evidence.").

To the extent petitioner raises a legal sufficiency claim, this argument is without merit.[4]   Under N.Y. Penal Law §§ 160.10(1) and (2)(a), "[a] person is guilty of robbery in the second degree when he forcibly steals property and . . . is aided by another person actually present; or [i]n the course of the commission of the crime [c]auses physical injury to any person who is not a participant in the crime."   Petitioner conceded in a post-arrest interview that he took money from Carcasses, describing the act as "friendly extortion."   (Opp'n

---

[4] We interpret this claim as challenging the legal sufficiency of the evidence based upon petitioner's citation of Jackson v. Virginia, 443 U.S. 307 (1979), in his Appellate Division brief, (Opp'n Decl. Ex. A, 28, 32), and this Court's duty to construe pro se complaints liberally.   See Pabon, 459 F.3d at 248; See also Daye v. Att'y Gen. of N.Y., 696 F.2d 186, 194 (2d Cir. 1982).   Because petitioner's request for permission to appeal to the Court of Appeals included the same citation to Jackson, we deem petitioner's sufficiency claim exhausted.   See Daye, 696 F.2d at 194 (stating that a defendant may present the constitutional nature of his claim to a state court by citing federal cases that employ relevant constitutional analysis).

Mem. 11-12.)  The only remaining disputed elements were whether,
in the course of the robbery, (1) accomplices were present and
(2) Carcasses was injured.   The record contains substantial
evidence from which a rational trier of fact could have found
petitioner guilty beyond a reasonable doubt on both counts.
Carcasses and Leonardo both testified to the presence of two
accomplices and Carcasses' contemporaneous injury.   (Opp'n Mem.
28-30.)   The fact that Leonardo's testimony may have been
equivocal does not avail petitioner given that "the testimony of
a single, uncorroborated eyewitness is generally sufficient to
support a conviction."  Edwards v. Jones, 720 F.2d 751, 755 (2d
Cir. 1983) (quoting United States v. Danzey, 594 F.2d 905, 916
(2d Cir. 1979), cert. denied, 441 U.S. 951 (1979)).

## B.  Denial of Counsel and Self-Incrimination

Petitioner next claims that his rights to an attorney and
against  self-incrimination  were  violated  by  police  and
prosecutors during his post-arrest interview.  (Pet. 6-8.)

Petitioner was interviewed April 28, 2003 by two Assistant
District Attorneys and two police detectives.   During the
meeting, petitioner requested an attorney and was told none were
available.   (Opp'n Mem. 14)   Petitioner also was read his
Miranda rights.  (Opp'n Mem. 5; Opp'n Decl. Ex. A, 17-18; Ex. B,
15-16.)   Before trial, petitioner moved to suppress his post-

9

arrest statements.  A hearing on the motion was held March 1, 2004 at which petitioner did not testify.  While conceding that the record was unclear as to whether petitioner made any statements before being read his Miranda rights or after his request for counsel was denied, the suppression court denied the motion, finding no "inordinate pressures" on petitioner during the interview and concluding petitioner's statements were voluntarily made.[5]  (Opp'n Mem. 5-6.)  Accordingly, petitioner's claims are without merit.[6]  We perceive no reason to disturb the factual findings of the suppression court.

### C.  Due Process

Petitioner next claims he was denied due process when the state was permitted to impeach its own witness, Antonio Leonardo, with inconsistencies between his trial and grand jury testimonies.  (Pet. 8-10.)  The court also permitted the state to treat Leonardo as a hostile witness.  (Opp'n Mem. 34-35.) While petitioner has exhausted this claim through direct appeal, (Opp'n Decl. Ex. A, 38-44), it is nonetheless barred from federal habeas review by an independent and adequate state

---

[5] At trial, petitioner acknowledged he had been properly administered the Miranda warnings and chose to answer questions of his own volition. (Opp'n Decl. Ex. A, 17.)

[6] While petitioner presented facts relevant to these claims in his brief to the Appellate Division, (Opp'n Decl. Ex. A, 17), they are insufficiently particular to have fairly presented the issues upon appeal.  See Daye, 696 F.2d at 194.  The claim is therefore also unexhausted.

10

ground.    See Coleman, 501 U.S. at 729.    Under New York law,
parties    must    preserve    an    evidentiary    issue    with    a
contemporaneous objection.    See Garcia v. Lewis, 188 F.3d 71,
79-82; see also N.Y. Crim. Proc. § 470.05(2).    Petitioner failed
to preserve his claim with a timely objection and the Appellate
Division considered it "unpreserved."    (Opp'n Decl. Ex. C, 66.)
Because the Appellate Division invoked this independent and
adequate state ground in denying petitioner's appeal, this Court
is barred from considering the merits of the claim.    See
Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990).    Further,
we find neither cause and prejudice nor fundamental miscarriage
of justice warranting an exception to this procedural bar.[7]

### D.  **Unduly Harsh Sentence**

Petitioner next claims his sentence is unduly harsh.[8]    (Pet.
11-12.)    Figueroa was sentenced to concurrent, determinative
sentences of 15 years for each count of Robbery in the Second
Degree, a Class C felony.    As petitioner was adjudicated a
second felony offender, the offenses carried a maximum sentence

---

[7] The Appellate Division noted that even if it had reviewed this claim,
it would have found "no ground for reversal." (Opp'n Decl. Ex. C, 66.) We
agree. No constitutional issue is raised, as the Federal Rules of Evidence
permit a party to impeach its own witness. See Fed. R. Evid. 607.
[8] On direct appeal, petitioner argued his sentence should be reduced "in
the interest of justice." (Opp'n Decl. Ex. A, 45.) Construing this claim
liberally, we conclude its terms are sufficiently particular to implicate a
federal constitutional right, namely the Eighth Amendment's prohibition of
cruel and unusual punishments. Accordingly, we find the federal
constitutional issue was fairly presented to the Appellate Division and Court
of Appeals and is therefore exhausted.

of 15 years.[9]   See N.Y. Penal Law § 70.06(6)(b).   Figueroa's
sentence therefore fell within the statutory range and
petitioner is not entitled to habeas relief on this claim
because "[n]o federal constitutional issue is presented
where . . . the sentence is within the range prescribed by state
law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992); See
Sheppard v. Filon, No. 01 Civ. 9992 (JSM), 2002 WL 1313332, at
*1 (S.D.N.Y. June 13, 2002) ("Sentencing decisions are not
cognizable on habeas corpus review unless the sentence imposed
falls outside the range prescribed by state law.").

### E. Ineffective Assistance of Counsel

Petitioner next claims he was denied effective assistance
of counsel.   Petitioner advances this claim in two ways: first
as a vague, catchall argument (Pet. 6, n.1; 8, n.2; 10, n.3; 11-
12.) and second as the particular cause of his "unduly harsh"
sentence. (Pet. 11-12.) Both arguments are without merit.[10]

To prevail on this claim, petitioner must demonstrate that
his counsel's representation fell below an objective standard of
reasonableness and that it is reasonably probable that but for

---

[9] Petitioner was previously convicted of a felony drug offense. (Opp'n
Decl. Ex. B, 63.)
[10] Neither argument was presented on direct appeal or during a post-
conviction proceeding and a state court remedy remains available under N.Y.
Crim. Proc. § 440.10. See, e.g., Bonilla v. Portuondo, No. 00 Civ. 2369
(JCF), 2004 WL 350694, at *15 (S.D.N.Y. 2004). The claim is therefore
unexhausted.

12

counsel's unprofessional errors, the result of the proceedings would have been different.   Strickland v. Washington, 466 U.S. 668, 687-88 (1984).   Counsel's performance is only ineffective if her "identified acts or omissions were outside the wide range of professionally competent assistance."   Id. at 690.[11]

Petitioner's   vague   and   conclusory   allegations   of ineffective counsel do not meet this standard.   Considerable evidence from the trial record demonstrates that petitioner was made aware of his sentencing exposure by the court and was given ample opportunity to reduce this exposure by entering into a plea bargain.[12]   Petitioner then conferred with his attorney, who subsequently advised the court of petitioner's desire to proceed to trial.   (Opp'n Mem. 43.)

## CONCLUSION

For the foregoing reasons, Figueroa's petition for writ of habeas corpus is denied.   As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.   See 28 U.S.C.

---

[11] In determining whether counsel provided ineffective assistance in violation of the Sixth Amendment, the performance of retained counsel is judged no differently than that of appointed counsel. Cuyler v. Sullivan, 446 U.S. 335, 344-45 (1980).

[12] At the suppression hearing, the court advised petitioner of "an offer on the table for you to resolve [] this matter in a way that may, in your mind, be favorable or not favorable.   The People have offered you at this moment 8 years, if you take a plea at this time before the hearing . . . . I can give you as much as 25 [years] but I can't give you less than 8." (Opp'n Mem. 42-43.)

13

§ 2253(c).    We certify that an appeal from this decision would
not be taken in good faith.    See 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

Dated:      New York, New York
            June 17, 2008

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

14

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

Petitioner Pro Se

Arcides Figueroa
c/o Morano International
1375 Broadway, 3rd Floor
New York, NY  10018-7030

Arcides Figueroa
04-A-3180
Attica Correctional Facility
P.O. Box 149
Attica, NY  14011-0149

Counsel for Respondent

Lisa Fleischmann, Esq.
Assistant Attorney General
State of New York
120 Broadway
New York, NY  10271-0332